# EXHIBIT A



**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Lisa M. Griffith
Shareholder
631.247.4709 direct
631.247.4700 main
631.850.5363 fax
lgriffith@littler.com

February 28, 2025

**VIA EMAIL (TRICIALINDSAYLAW@GMAIL.COM)**

Tricia Lindsay, Esq.
531 E. Lincoln Ave., Suite 5B
Mount Vernon, New York 10552

**VIA EMAIL (JO@WOC4EQUALJUSTICE.ORG)**

Jo Saint-George Esq.
Women of Color For Equal Justice
350 E. Diamond Ave., Suite 4077, Ste Unit 4205
Gaithersburg, MD 20877

Re:   *Toussaint et al v. Healthcare Association of New York State, Inc. et al.*
       Case No. 1:24-cv-07573-RPK-LKE

Dear Ms. Lindsay and Ms. Saint-George:

We represent Staten Island University Hospital and Northwell Health, Inc. ("Northwell") in the above-referenced matter.[1] We write pursuant to Rule 11(c) of the Federal Rules of Civil Procedure to request that you dismiss the Amended Complaint dated January 24, 2025 (Dkt. No. 6, "Amended Complaint" or "Am. Cplt."). The bases for this request are essentially the same as those set forth in the February 26, 2025 letters sent to you by Jean Schmidt, Esq. and Peter Shapiro, Esq., on behalf of their clients. We join in the arguments articulated by Ms. Schmidt and Mr. Shapiro, other than the statute of limitations arguments, which are specific to each plaintiff and discussed below.

The Amended Complaint asserts the following claims on behalf of a putative class related to the enactment and implementation of New York State's vaccine mandate: (1) wrongful discharge under OSHA; and (2) conspiracy under 42 U.S.C. § 1983 to deprive Plaintiffs' rights under OSHA, and the First Amendment Free Exercise Clause and Fourteenth Amendment Substantive Due Process Clause of the Constitution. Dkt. No. 6. As outlined herein, the claims in the Amended Complaint are not warranted by existing law or by a nonfrivolous argument for extending,

---

[1] Although specific claims have been against Northwell, at all relevant times Staten Island University Hospital, and not Northwell, was the legal entity that employed Plaintiffs Pagano, Beswick, Tantillo, and Rodolfo.

Tricia Lindsay, Esq
Jo St. George, Esq.
February 28, 2025
Page 2

modifying, or reversing existing law and thus violate Rule 11. Should you fail to voluntarily dismiss the Amended Complaint, Northwell will seek sanctions against you. Pursuant to Rule 11 and relevant case law, attached hereto as **Exhibit A** is a Notice of Motion for Sanctions.

A.   **Factual and Procedural Background**

On August 26, 2021, the New York State Department of Health issued an emergency rule applicable to health care entities. See 10 N.Y.C.R.R. § 2.61 (repealed Oct. 4, 2023) (hereinafter "DOH Mandate"). The DOH Mandate stated that covered healthcare entities must "continuously require" employees to be fully vaccinated against COVID-19 if they "engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." 10 N.Y.C.R.R. § 2.61 (a)(2), (c). In upholding the DOH Mandate, the Second Circuit clarified that the only religious accommodation that could be granted to an employee was to employ them in a manner that removed them from the definition of covered personnel. *See We The Patriots USA, Inc. v. Hochul, et al.*, 17 F.4th 266 (2d Cir. 2021) ("We The Patriots I"), clarified at 17 F.4th 368, 370-71 (2d Cir. 2021) ("We The Patriots II"). If a healthcare entity failed to comply with the requirements of the DOH Mandate, it could face penalties up to and including loss of licensure. *See* 10 N.Y.C.R.R. § 2.61 (a)(2), (c), (d) (identifying requirements); *see als*o N.Y. PUB. HEALTH L. § 2806(1)(a) (2021) ("A hospital operating certificate may be revoked, suspended, limited or annulled…[if] the hospital has failed to comply with the provisions of [Article 28] or rules and regulations promulgated thereunder"); N.Y. PUB. HEALTH L. §12(1) (permitting the Commissioner of Health to impose civil penalties for violation of regulations promulgated pursuant to NY Public Health Law).

On April 19, 2022, you filed an action in the Eastern District of New York against the City of New York and government officials. *Coombs-Moreno v. City of New York*, No. 22-CV-02234-EK-LB. The complaint in that case alleged similar claims of wrongful discrimination under OSHA and a Section 1983 claim for violation of OSHA and the First and Fourteenth Amendments. *Id*. at Dkt. No. 88. On September 25, 2024, Judge Komitee dismissed that case holding, *inter alia*, that plaintiffs failed to state a claim under OSHA or Section 1981. 2024 WL 4287247 (E.D.N.Y. Sept. 25, 2024).

Nonetheless, only a month later, on October 29, 2024, you filed the instant case, asserting the very same claims that were dismissed by the court in *Coombs-Moreno*.

B.   **Rule 11 Standard**

Rule 11(b)(2) of the FRCP requires the attorney presenting papers to the Court to certify that the claims and legal contentions she submits are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2), 11(b)(3). "Under Rule 11, a court may sanction an attorney for, among other

Tricia Lindsay, Esq
Jo St. George, Esq.
February 28, 2025
Page 3

things, misrepresenting facts or making frivolous legal arguments." *Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108 (2d Cir. 2013).

The standard for Rule 11 sanctions is "'objective unreasonableness' . . . and is not based on the subjective beliefs of the person making the statement". *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) (quoting *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir.2000)). Courts have not hesitated to impose Rule 11 sanctions in cases where, as here, erroneous contentions of law were previously identified for an attorney. *See, e.g.*, *Elfoulki v. Brannons Sandwich Shop, LLC*, 2016 WL 3542458, at *4 (S.D.N.Y. June 22, 2016).

As we next show, Plaintiffs' claims in the Amended Complaint do not satisfy the requirements of Rule 11 and justify the imposition of sanctions if they are not voluntarily dismissed.

C.   **There is No Private Right of Action Under OSHA**

Plaintiffs' First Cause of Action alleges a violation of OSHA. Specifically, the Amended Complaint alleges that Defendants knew that COVID-19 vaccines did not comply with the OSHA Respiratory Safety Method Standard and that Plaintiffs sustained damages when their requests for religious exemptions were denied and their employment was terminated in violation of OSHA. Complaint. ¶¶ 422-424. This claim should be voluntarily dismissed because of the precedential and binding ruling in the Second Circuit that employees do not have a private right of action under OSHA. *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983); *see also*, *Coombs-Moreno v. City of New York*, No. 22-CV-02234-EK-LB, 2024 WL 4287247, *4 (E.D.N.Y. Sept. 25, 2024) (rejecting claim regarding COVID-19 vaccination asserted as violation of OSHA and holding that OSHA does not provide a private right of action); *Lopes v. City of New York*, 22-CV-08271-LTS, 2024 WL 3952596 (S.D.N.Y. Aug. 27, 2024) (same);*Vasquez v. City of New York*, 2024 WL 1348702, at *11 (E.D.N.Y. Mar. 30, 2024), *reconsideration denied*, 2024 WL 1886656 (E.D.N.Y. Apr. 30, 2024); *Quirk v. DiFiore*, 582 F. Supp. 3d 109, 115-16 (S.D.N.Y. 2022).

Despite the clear case law in this Circuit, in the *Coombs-Moreno* case you argued that OSHA Section 20(a)(5) (29 U.S.C. § 669(a)(5)) grants a private right of action specific to an employee's right to refuse immunization on religious grounds. Section 20(a)(5) requires the Secretary of Health and Human Services to generate certain reports and states "[n]othing in this or any other provision of this chapter shall be deemed to authorize or require medical examination, immunization, or treatment for those who object thereto on religious grounds, except where such is necessary for the protection of the health or safety of others." It is unclear how Plaintiffs think this provides a private right of action.

In any event, the argument is meritless. The case law you relied on in *Coombs-Moreno* (Dkt. Nos. 64 and 61-4) does not support your position; rather, it instead establishes that OSHA does not provide a private right of action and confers the Secretary of Labor with exclusive authority to file

Jo St. George, Esq.
February 28, 2025
Page 4

complaints under OSHA. Moreover, *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 100 S. Ct. 883 (1980), the case you rely upon to support your argument that Plaintiffs can bring an action to enforce OSHA, did not address whether OSHA provides a private right of action; it examined the validity of a regulation promulgated by the Secretary of Labor.

In short, there is no statutory or caselaw authority to support your contention that Plaintiffs can bring a valid claim under OSHA. As Judge Komitee concluded in ruling on the motion to dismiss plaintiffs' claims in *Coombs-Moreno*, it is "apparent from [OSHA's] detailed statutory scheme that the public rights created by the Act are to be protected by the Secretary and that enforcement of the Act is the sole responsibility of the Secretary." *Coombs-Moreno*, 2024 WL 4287247, at *4 (*citing Donovan*, 713 F.2d at 927).

Your continued assertion of this claim, despite clear case law – including dismissal in *Coombs-Moreno* on the grounds that no private right of action exists under OSHA – demonstrates that the claim is not viable. Continuing to advance this claim, therefore, is a violation of Rule 11.

**D.      Plaintiffs Have Not Stated a Viable Section 1983 Claim**

Plaintiffs' Second Claim alleges that Defendants conspired with the State of New York to deprive them of their rights under OSHA and the First and Fourteenth Amendments. As you know, the *Coombs-Moreno* court dismissed similar claims for failure to allege the necessary elements of a Section 1983 claim, citing controlling authorities that the instant claims are not viable. So too here, Plaintiffs have not asserted and cannot assert viable Section 1983 claims. As such, the claim that Northwell conspired with the State of New York should be voluntarily dismissed.

    **1.      OSHA**

42 U.S.C. § 1983 does not provide a vehicle for an OSHA claim. To seek redress through Section 1983, "a plaintiff must assert the violation of a federal right, not merely a violation of federal law." *Coombs-Moreno*, 2024 WL 4287247, at *5 (citing *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)). Even when a plaintiff can point to an individually enforceable right and establish themselves as an intended beneficiary, a Section 1983 claim will still be dismissed if allowing the claim to proceed "would be inconsistent with Congress' carefully tailored [remedial] scheme." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107 (1989). That is precisely the case with OSHA, as Congress has created "a comprehensive enforcement scheme that is incompatible with individual § 1983 enforcement." *Blessing*, 520 U.S. at 330.

As the Second Circuit has held, "it is apparent from [OSHA's] detailed statutory scheme that the public rights created by the Act are to be protected by the Secretary" of Labor, "and that enforcement of the Act is the sole responsibility of the Secretary." *Donovan,* 713 F.2d at 927 Given the Second Circuit's directive to interpret OSHA enforcement as reserved to the Secretary, allowing OSHA claims to proceed under Section 1983 would be "incompatible" with Congress'

4918-8760-0930.1 / 064431.1070

littler.com

intent. *Blessing*, 520 U.S. at 341. Thus, Plaintiffs cannot prosecute their OSHA claim under Section 1983, and the claim must be voluntarily dismissed.

    **2.**    **The First and Fourteenth Amendments**

The Amended Complaint alleges that Defendants knew or should have known that the DOH Mandate violated the Free Exercise Clause of the First Amendment and the substantive due process clause of the Fourteenth Amendment. (Am. Cplt. ¶¶ 426-432.) This argument has been rejected by New York state and federal courts.

First, the Second Circuit has held that the COVID-19 vaccine mandate covering employees in New York did not violate the Free Exercise Clause because the mandate was a neutral law of general applicability. *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 290 (2d Cir. 2021), opinion clarified, 17 F.4th 368 (2d Cir. 2021).

Second, to succeed on a substantive due process claim under the Fourteenth Amendment, Plaintiffs must establish that the supposed right is "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). Plaintiffs cannot do so, as the Supreme Court and Second Circuit have "consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." *We The Patriots USA, Inc.*, 17 F.4th at 293, *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). *See also Jacobson v Massachusetts*, 197 U.S. 11, 25-31 (1905); *Kane v. De Blasio*, 2022 U.S. Dist. LEXIS 154260, at *31-32 (S.D.N.Y. 2022); *Marciano v De Blasio*, 589 F. Supp. 3d 423, 434-435 (S.D.N.Y. 2022), aff'd 2023 U.S. App. LEXIS 11915 (2d Cir. 2023); *Garland v. N.Y. City Fire Dep't*, 2021 U.S. Dist. LEXIS 233142 (E.D.N.Y. 2021).

In short, Plaintiffs' Section 1983 claims must be voluntarily dismissed as the claim fails to state a violation of the Free Exercise clause and fails to state a substantive due process claim.

    **3.**    **Conspiracy Under 42 U.S.C. § 1983**

Plaintiffs cannot establish a cognizable conspiracy claim because they have failed to state a claim under OSHA, the First Amendment, or the Fourteenth Amendment. A conspiracy claim "will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). Moreover, the Amended Complaint fails to plead the *prima facie* elements of a conspiracy claim. To survive a motion to dismiss, a plaintiff must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002). Here, Plaintiffs' conclusory allegations that Defendants conspired with the State of New York to enforce

Tricia Lindsay, Esq
Jo St. George, Esq.
February 28, 2025
Page 6

the DOH Mandate are insufficient. (Am. Cplt. ¶¶ 427-430); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983); *Ciambriello*, 292 F.3d at 325.

### E.   Plaintiffs Cannot Meet the Requirements of FRCP 23

The Amended Complaints' claims on behalf of a putative class are not viable because they do not satisfy the requirements of Federal Rule 23(a). Challenges to the vaccine mandate require individualized factual determinations and analyses, such as the sincerity of each Plaintiffs' religious belief and the reasonableness of their accommodation request and denial. Such individualized analysis cannot be performed on a class-wide basis. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350 (2011) (commonality means more than the plaintiffs all claiming to have suffered the same violation of law; their claims must be capable of being litigated together by resolving a central issue in "one stroke"). Further, the purportedly common questions identified in the Amended Complaint are all legal questions that, as discussed, have already been resolved. Thus, Plaintiffs cannot maintain a class action, and the class claims must be voluntarily dismissed.

### F.   Claims Asserted by Pagano, Beswick, Tantillo, and Rodolfo ("The Staten Island University Hospital Plaintiffs") Must Be Dismissed

As set forth herein, all of the claims asserted by the Plaintiffs Pagano, Beswick, Tantillo, and Rodolfo – all former employees of Staten Island University Hospital - must be dismissed. In addition, there is no entity named "Staten Island University Hospital Northwell Health, Inc." Thus, the Staten Island University Hospital Plaintiffs cannot maintain claims against such an entity. Moreover, Plaintiffs Pagano, Beswick, Tantillo, and Rodolfo's Section 1983 claims are, despite your apparent effort to evade it, barred by the statute of limitations.

Specifically, it appears that the allegations on behalf of the Staten Island University Hospital Plaintiffs have been crafted in an intentionally vague manner regarding the dates of their discharges from employment to avoid dismissal. Plaintiffs' original complaint was filed on October 29, 2024. As you know, or certainly should have known, there is a three-year statute of limitations applicable to a claim brought under 42 U.S.C. § 1983. *Billeris v. Inc. Vill. of Bayville, New York*, 694 F. Supp. 3d 214, 226 (E.D.N.Y. 2023).

Plaintiff Pagano asserts in the Amended Complaint that she was employed by Northwell and was terminated "on or around October 30, 2021" for refusing to be vaccinated. (Am. Cplt. ¶¶ 171, 180). However, this intentionally vague and false allegation is contradicted by the allegations in the original federal Complaint, wherein it is alleged she was terminated on October 10, 2021. (Cplt. ¶¶ 26, 28). It also contradicts available evidence demonstrating that Plaintiff Pagano was terminated on October 1, 2021. *See* **Exhibit B**. Thus, it appears that the Amended Complaint was re-drafted in vague terms to avoid dismissal of Plaintiff Pagano's claims as time-barred.

Tricia Lindsay, Esq
Jo St. George, Esq.
February 28, 2025
Page 7

In the original Complaint, it was alleged that Plaintiff Beswick was terminated on September 31, 2021 (Cplt. ¶ 102). However, notwithstanding the original complaint's allegation and contradictory documentary evidence you previously filed, the Amended Complaint alleges that Plaintiff Beswick was terminated "sometime around October 2021." (Am. Cplt. ¶¶ 200, 204). In the proceeding WOC commenced in the Supreme Court of New York County, *Women of Color for Equal Justice et al. v. Brookdale Univ. Hosp. and Med. Ctr.*, *et al.*, Index No. 150690/2022 (hereinafter "WOC Lawsuit"), at Docket Entry 44, you filed with the Court the termination letter Plaintiff Beswick received, dated September 29, 2021. Clearly, you have been aware of the actual termination date and appear to have intentionally misrepresented this fact to avoid dismissal on statute of limitations grounds.

Plaintiff Tantillo alleges in the Amended Complaint that she was terminated "sometime after" October 30, 2021 for refusing to be vaccinated. (Am. Cplt. ¶¶182, 186). However, in the original Complaint, Plaintiff Tantillo alleges she was terminated on October 15, 2021 due to her "perceived disability." (Cplt. ¶ 108). In the WOC Lawsuit at paragraph 176, it also alleged that she was terminated on October 15, 2021. This is in line with available evidence demonstrating that she was terminated on October 15, 2021. *See* **Exhibit C**. Thus, again, this appears to be an intentional misrepresentation of fact advanced to avoid dismissal on statute of limitations grounds.

Plaintiff Rodolfo alleges that her termination occurred "around" October 30, 2021 for refusing to be vaccinated. (Am. Cplt. ¶¶191, 195). Notably, although Rodolfo was named as a Plaintiff in the original Complaint, no allegations were included about her at all. Nonetheless, Plaintiff's Section 1983 claims are time-barred here because the available evidence demonstrates that she was terminated on October 4, 2021. *See* **Exhibit D**.

Accordingly, should you decide not to withdraw the action against Staten Island University Hospital/Northwell, we will proceed with a Rule 11 motion seeking immediate dismissal of all claims asserted against Staten Island University Hospital and/or Northwell and for sanctions for your frivolous conduct in attempting to avoid dismissal on statute of limitations grounds.

**Conclusion**

Your continued prosecution of the claims in the Amended Complaint violates Rule 11. You have been repeatedly informed that these are not cognizable claims. Accordingly, your continued pursuit of this action is frivolous.

Pursuant to Rule 11, we request you voluntarily dismiss, with prejudice, all claims you have asserted against Staten Island University Hospital and/or Northwell within 21 days of your receipt of this letter. If you do not, Northwell will proceed with its motion for sanctions against you pursuant to Rule 11.

Tricia Lindsay, Esq
Jo St. George, Esq.
February 28, 2025
Page 8

Very truly yours,

*/s/ Lisa M. Griffith*

Lisa M. Griffith

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHAEL TOUSSAINT, ESTE PALLAS, PETRICE THOMPSON, BERTRAM SCOTT, JANET GARCIA, DOMINIQUE GUERCIN CHONG, ANGELA RICHARDSON, THERESA CROSSMAN, LINDON BAIN, MARTINA MOSEJCZUK, WILLIS HARRIS, NICOLE HUDSON-JACK, TANYEKA BESWICK, TAMARA ANGLIN, JEAN-WILLY BAPTISTE, BEVERLY WILLIAMS, CAROL BRYAN, STEPHANIE PAGANO, SHANLYS BYFIELD, HEDREN LECKIE, PAMELA PHILLIP-RIVERA, KRISTY TANTILLO, CHERYL THOMPSON, MARIE PAULINE SALVIA, MARIEJO BARRIE, KIMBERLY GREENBERG, EDNA RODOLFO, KAREN JAMES, NORA SAMMON, and MARIE BISH, individually and on behalf of similarly situated individuals,<br><br>                                         Plaintiffs,<br><br>                v.<br><br>ONE BROOKLYN HEALTH SYSTEM/BROOKDALE HOSPITAL MEDICAL CENTER, NEW YORK HEALTH & HOSPITALS/BELLEVUE, NEW YORK HEALTH & HOSPITALS/ WOODHULL HOSPITAL, MONTEFIORE HEALTH SYSTEM & MONTEFIORE MEDICAL CENTER, STATEN ISLAND UNIVERSITY HOSPITAL NORTHWELL HEALTH, INC., NEW YORK PRESBYTERIAN HOSPITAL & HEALTH CARE SYSTEM, MT. SINAI HEALTH SYSTEM, BROOKHAVEN REHAB & HEALTH CARE CENTER, NYU LANGONE HOSPITALS, PRIDE GLOBAL/PRIDE HEALTH, VNSW COMMUNITY CARE NAVIGATION, INC. D.B.A VISITING NURSES SERVICE OF WESTCHESTER and DOES 1-20<br><br>                                         Defendants | Case No. 24-cv-07573-RPK-LKE<br><br>**NOTICE OF MOTION FOR SANCTIONS PURSUANT TO FED, R, CIV. P. 11(C)** |

**PLEASE TAKE NOTICE** that the undersigned attorneys for Defendants Staten Island University Hospital and Northwell Health, Inc. (collectively "Northwell") (incorrectly named in the Amended Complaint as Staten Island University Hospital Northwell Health, Inc.)  will move

before the Honorable Rachel P. Kovner, United States District Judge, at 225 Cadman Plaza East, Brooklyn, New York, at a date and time to be determined by the Court, for (a) an Order granting Defendants' Motion for Sanctions Against Plaintiffs' Attorneys pursuant to Fed. R. P. Rule 11(c); and (b) such other relief as this Court may deem just and proper.

This Motion will be based upon the accompanying Memorandum of Law, the accompanying declaration of Lisa M. Griffith, and the accompanying exhibits, all pleadings, and such additional oral or documentary evidence as may be received prior to or at a hearing on this Motion.

This Motion is based on the fact that the claims of the Amended Complaint are not warranted by existing law, present frivolous arguments, and were filed merely to harass Northwell.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff's opposition, if any, and Defendants' reply will be submitted pursuant to a briefing schedule to be set by the Court.

Dated: February 28, 2025
      New York, New York

LITTLER MENDELSON, P.C.

By: */s/ Lisa M. Griffith*
    Lisa M. Griffith
    Matthew D. Holmes
    290 Broadhollow Road, Suite 305
    Melville, NY 11747
    Telephone: 631.247.4700
    Facsimile: 631.850.5363
    lgriffith@littler.com
    mdholmes@littler.com

    Barbara A. Gross
    900 Third Avenue – 8th Floor
    New York, NY 10022.3298
    Telephone: 212. 497. 8486
    Facsimile: 212.832.2719
    JSchmidt@littler.com
    ahee@littler.com

    *Attorneys for Defendants Staten Island University Hospital and Northwell Health, Inc.*

# EXHIBIT B

**Stephanie Pagano: Person Management**

SP

Person Number
239000

Employment ×

# Employment

[Done]

## Work Relationship

| | | |
|---|---|---|
| Legal Employer | Staten Island University Hospital | |
| Worker Type | Employee | |
| Hire Date | 05/07/2019 | |
| Country | United States | |
| Termination Date | 10/01/2021 | |

## Assignment: LMSW Social Worker

[Edit] [View History]

| | |
|---|---|
| Action | Involuntary Termination |
| Action Reason | Involuntary - Vaccine Mandate |
| Effective Start Date | 10/02/2021  ( 1 of 1 ) |
| Effective End Date | |

### Assignment Details

| | |
|---|---|
| Assignment Number | E239000 |
| Business Unit | Staten Island North |
| Person Type | Employee |
| Assignment Status | Terminated |
| Primary | Yes |
| Projected End Date | |

#### Job Details

| | |
|---|---|
| Position | LMSW Social Worker |
| Job | LMSW Social Worker |
| Grade Ladder | 1199.League_3750 |
| Grade | SH18-0010 |
| | ✓ Include in Grade Step Progression |
| Department | 35600190 Case Management |
| Working Hours | 22.5 |
| Frequency | Weekly |
| Derived Standard Working Hours | 37.5 Weekly |
| FTE | 0.6 |
| Headcount | 1 |
| Start Time | |

# EXHIBIT C



# EXHIBIT D

