**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MADELEINE A. KNUTSON**
*Assistant Corporation Counsel*
Labor and Employment Law Division
Phone: (212) 356-2445
E-mail: mknutson@law.nyc.gov
*Email not for service*

November 26, 2025

**By ECF**

Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Toussaint et al. v. Healthcare Association of New York State, Inc. et al.,
24-cv-07573-RPK-LKE

Dear Judge Kovner:

I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, attorney for Defendants "New York Health & Hospitals/Bellevue" and "New York Health & Hospitals/Woodhull Hospital" (together, "H+H Facilities"), in the above-referenced action. I write, pursuant to the Court's November 13, 2025, and November 19, 2025, Orders, to submit this joint opposition to Plaintiffs' Motion for Leave to File a Motion for Summary Judgment ("Motion for Leave") on behalf of all Defendants. For the reasons set forth below, Plaintiffs' Motion for Leave should be denied, or, in the alternative, Defendants respectfully request that briefing on Plaintiffs' proposed Motion for Summary Judgment be held in abeyance until after Defendants' motions to dismiss are decided by the Court.

## A. Relevant Background

Plaintiffs are former employees of defendant healthcare organizations who were terminated from their employment due to their failures to comply with the COVID-19 vaccine mandate applicable to healthcare personnel. See generally Third Amended Complaint, ECF Dkt. 80 ("TAC"). Plaintiffs purport to proceed as a putative class, bringing claims for "wrongful discharge and discrimination" under the Occupational Safety Health Act ("OSHA"), claims under 42 U.S.C. § 1983 for "to Deprive Plaintiffs Rights Under the OSH ACT and First Amendment Free Exercise Claim and Fourteenth Amendment Substantive Due Process Clause," and claims for "Common Law Fraudulent Concealment."

Defendant healthcare organizations filed letters requesting pre-motion conferences concerning their anticipated motions to dismiss and motions for Rule 11 sanctions. See ECF Dkts. 48-54, 60, 72, 77. At the pre-motion conference held on April 30, 2025, certain Defendants were

directed to file a joint motion to dismiss under Rule 12 and a joint motion for Rule 11 sanctions, with a separate motion to dismiss to be filed by H+H Facility Defendants. See Minute Entry & Order, April 30, 2025. On July 28, 2025, in accordance with the Court's bundling rule, H+H Facility Defendants served their Motion to Dismiss ("H+H Motion to Dismiss") and filed the cover letter on the docket. See ECF Dkt. 83. The other healthcare organization Defendants served and filed the cover letters for their Consolidated Motion to Dismiss ("Joint Motion to Dismiss") and Consolidated Motion for Monetary Sanctions and Attorneys' Fees ("Rule 11 Motion").

On October 11, 2025, Plaintiffs served on Defendants: (i) "Plaintiffs Consolidated Response to Defendants Motion to Dismiss and Cross-Motion for Summary Judgment" ("Plaintiffs' Proposed Motion for Summary Judgment"); (ii) "Plaintiffs Statement of Undisputed and Conceded Facts in Support of Plaintiffs Cross Motion for Summary Judgment;" (iii) "Plaintiffs' Consolidated Response to Rule 11 Motions and Cross-Motion for Rule 11 Sanctions Against All Defendants;" (iv) "Plaintiffs' Consolidated Response to Defendants Motion to Dismiss Certain Hospital Entities Only;" (v) a cover letter; and (vi) exhibits. See ECF Dkts. 89-91. On October 20, 2025, Defendants jointly wrote the Court concerning Plaintiffs' premature and improper cross-motions for summary judgment and for sanctions, noting that Plaintiffs failed to comply with the Court's rules concerning pre-motion conferences, failed to serve the required safe harbor letters for a Rule 11 motion, and apparently premised their motion for summary judgment on the erroneous belief that Defendants had conceded that there are no facts in dispute. See ECF Dkt. 92. The Court subsequently denied Plaintiffs' Proposed Motion for Summary Judgment, without prejudice, for failure to comply with the Court's individual rules, and directed Plaintiffs to file a motion for leave to file a motion for summary judgment by November 12, 2025, and any cross-motion for sanctions by November 21, 2025.[1] See Text Order dated Oct. 22, 2025.

On November 12, 2025, Plaintiffs filed their Motion for Leave. See ECF Dkts. 95-95-2. Pursuant to the Court's November 19, 2025, Order, Defendants jointly respond in opposition.

**B. Defendants Have Not Conceded Facts**

As an initial matter, Plaintiffs' oft-repeated assertion that Defendants have "conceded material facts" and that "no genuine dispute of material facts exists" is demonstrably false and nonsensical. See e.g., Mot. for Leave at 3 (stating that Defendants' motions to dismiss "rest exclusively on legal arguments and the relevant facts are undisputed . . . ."); id. at 2 ("Plaintiffs could not reasonably have anticipated that no genuine dispute of material fact would exist . . . ."); Cross-Motion for Summary Judgment at 3 ("Defendants have conceded dispositive material facts establishing liability . . . ."). This assertion is apparently predicated on the entirely incorrect belief that Defendants have admitted the facts alleged in the Third Amended Complaint by filing their motions to dismiss.

It is axiomatic that the Court is required to accept the well-pleaded factual allegations in a complaint when determining a motion to dismiss, in order to "determine whether they plausibly give rise to an entitlement to relief." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104

[1] Plaintiffs' deadline to file any cross-motion for sanctions was subsequently extended to November 24, 2025. See Text Order, dated Nov. 22, 2025.

(2d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 694 (2009)) (internal quotations omitted); see also Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020). In light of this standard, Defendants' Joint Motion to Dismiss stated, "[f]or purposes of this motion **only**, the Third Amended Complaint's factual allegations are assumed to be true and form the basis of the statement of facts . . . ." Joint Mot. to Dismiss at 3, n.4 (emphasis added).[2] Defendants also stated that they "expressly reserve the right to challenge and disprove any and all factual allegations set forth within." Id. H+H's Motion to Dismiss likewise clearly stated: "Plaintiffs' factual allegations are assumed to be true **only** for the purposes of this motion to dismiss." H+H Mot. to Dismiss at 2, n.3 (emphasis added) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)). Defendants have **never** conceded or admitted any of the well-pled factual allegations in the Third Amended Complaint.

Plaintiffs' counsel is well aware of the spurious nature of her argument. In Loiacono et al. v. Allied Partners Management LLC et al., Plaintiffs' counsel advanced this same argument in seeking leave to file a cross-motion for summary judgment at the same time as the response to Defendants' joint motion to dismiss: that when Defendants advanced arguments "purely as a legal matter," they had "conceded that no discovery was necessary." See Rule 60(a) Motion, Case No. 25-cv-07828-MKV, ECF Dkt. 86 at 2-3. In the Court's Order denying that application for leave to file a premature Rule 56 motion, Judge Vyskocil stated that, "as Plaintiff is no doubt aware, Defendants have merely sought and been granted leave to file motions to dismiss arguing that Plaintiff has failed to state a claim even if every factual allegation in his complaint were accepted as true." See Order, 25-cv-07828-MKV, Dkt 92 at 2. The Court continued, "[a]sserting purely legal defenses at a motion to dismiss does not suggest that Defendants have abandoned a need for discovery should the case proceed beyond the motion to dismiss stage." Id.

Plaintiffs' assertion that there are no facts in dispute is conclusively and undeniably false. Any authority that Plaintiffs cite to support the claim that summary judgment is warranted where no materials facts are in dispute should be disregarded. See Mot for Leave at 3.

### C. Plaintiffs' Motion Should Be Denied Because Summary Judgment is Premature

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Hellstrom v. United States Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (quoting Fed. R. Civ. P. 56(c)) (internal quotations omitted).

As noted above, Defendants dispute the factual allegations in the Third Amended Complaint. Moreover, when, as here, no discovery has occurred, a motion for summary judgment is premature. See Murphy v. Murphy, 2022 U.S. Dist. LEXIS 80153, at *5 (E.D.N.Y. 2022) ("The parties have not engaged in any discovery. Accordingly, the motion for summary judgment is

---

[2] Curiously, Plaintiffs acknowledge the inclusion of this language in their Proposed Motion for Summary Judgment, stating, "Defendants expressly concede for the purposes of their motion in footnote 4, page three that 'the factual allegations [of the Third Amended Complaint] are assumed to be true.'" Notwithstanding, Plaintiffs claim this operates as an admission of facts.

premature"); see also Wilson v. New York, 2017 U.S. Dist. LEXIS 10492, at *92 (E.D.N.Y. 2017) (declining to convert a motion to dismiss into a motion for summary judgment because "where no discovery has occurred, would be premature."), adopted 2018 U.S. Dist. LEXIS 49609 (E.D.N.Y. 2018); Doe v. Trustees of Columbia Univ. in N.Y., 2021 U.S. Dist. LEXIS 178868, at *3 (S.D.N.Y. 2021) (holding that a motion for summary judgment was premature because discovery was stayed and a motion to dismiss was pending). Indeed, "[i]t is a general principle of federal civil procedure that summary judgment is normally appropriate only after each party has had an opportunity to engage in discovery and to develop the factual record." Sanchez v. Nassau Cty., 2019 U.S. Dist. LEXIS 34160, at *11-12 (E.D.N.Y. 2019) (denying plaintiff's motion for summary judgment as premature because no discovery had occurred and granting defendant's motion to dismiss);

Plaintiffs' purported "legal basis for leave" is wholly unavailing. Plaintiffs state that "summary judgment is a right" and quote Federal Rule of Civil Procedure 56(b), which permits parties to file a motion for summary judgment "at any time until 30 days after the close of all discovery." See Mot. for Leave at 2. Plaintiffs then cite four cases and include a direct quote purportedly from each case. See Mot. for Leave at 2-3. **Not one** of the claimed direct quotations is found in the particular case cited. See id.; see also Wechsler v. Hunt Health Sys., 216 F. Supp. 2d 347, 351 (S.D.N.Y. 2022); Eisemann v. Greene, 204 F.3d 393, 397 (2d Cir. 2000); Vaughn v. Consumer Home Mortg., Inc., 293 F. Supp. 2d 206, 210 (E.D.N.Y. 2003); Rothenberg v. Security Management Co., 667 F.2d 958, 961 (11 Cir. 1982). Notwithstanding the absence of any correctly cited caselaw to support their position, Plaintiffs' invocation of FRCP 56(b) fails to establish that summary judgment is appropriate where there is no factual record in the case. The Supreme Court has stated that, "[i]n our view, the plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery*…" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (emphasis added).

Plaintiffs also argue that "[g]iven that Defendants' pending motions rest exclusively on legal arguments and the relevant facts are undisputed, judicial economy favors adjudicating Plaintiffs' cross-motion for summary judgment concurrently rather than serially." Mot. for Leave at 3.[3] Again, and as discussed, *supra*, the relevant facts are disputed. Further, it would be a waste of time to require the parties to brief and the Court to decide Plaintiffs' proposed motion for summary judgment when there is no factual record on which to rely and there are meritorious, dispositive motions soon to be before the Court.[4]

---

[3] Plaintiffs also proffer a somewhat related and entirely confusing argument that Defendants' motions to dismiss and their motion for summary judgment should be "resolved simultaneously to avoid further delays of justice." Mot. for Leave at 4. Although not entirely clear, Plaintiffs appear to argue that the Court should determine, as a matter of law, that their claims are plausible and then, as a matter of law, take the "extra step" of determining "if they prevail under their OSHA Act claims" so they can determine whether they can assert their Section 1983 claims. Id. The requested relief is obviously inappropriate, unnecessary, and a waste of the Court's time and resources.

[4] Defendants' replies for both the Joint Motion to Dismiss and H+H's Motion to Dismiss are due January 16, 2026, at which point their motions will be fully briefed.

In Bryan v. The City of New York, another case concerning former employees who failed to comply with a different applicable COVID-19 vaccine mandate, Plaintiffs' counsel also requested leave to file a premature motion for summary judgment, even before defendants filed a responsive pleading. See Letter Mot. for Pre-Motion Conference, Case No. 22-cv-02234-EK-LB, ECF Dkt. 58. Judge Komitee "declined to set a briefing schedule regarding Plaintiffs' motion for summary judgment and class certification pending the resolution of Defendants' motion to dismiss." See Minute Entry, Case No. 22-cv-02234-EK-LB, ECF Dkt. 71. Defendants' motion to dismiss was granted in Bryan, (formerly Coombs-Moreno v. City of New York), and, despite counsel's insistence that the instant action presents "novel claims," this case should be dismissed for similar reasons. Specifically, there is no private right of action under OSHA, the Second Circuit has held that COVID-19 vaccine mandates did not violate the Free Exercise Clause, and Courts have found that the similar COVID-19 vaccine mandate applicable to New York City employees "implicated no fundamental right, and that no substantive due process violation had been visited upon City employees." Coombs-Moreno v. City of New York, 2024 U.S. Dist. LEXIS 173750 *16 (E.D.N.Y. 2024); see also Memorandum & Order, Case No. 22-cv-02234-EK-LB, ECF Dkt. 125 (dismissing remaining Plaintiff's claims).

**D. Conclusion**

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' Motion for Leave to File for Summary Judgment should be denied, or, in the alternative, that summary judgment briefing be held in abeyance until the Court decides Defendants' motions to dismiss.

Respectfully submitted,

/s/ Madeleine A. Knutson

Madeleine A. Knutson, Esq.
Assistant Corporation Counsel

cc: All counsel (By ECF)