**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, New York 11747

Lisa M. Griffith
Shareholder
631.247.4709 direct
631.247.4700 main
631.850.5363 fax
lgriffith@littler.com

December 1, 2025

**VIA CM/ECF FILING**

Judge Rachel P. Kovner
US District Court for the Eastern District of NY
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Toussaint et al v. Healthcare Association of New York State, Inc. et al*
Docket No. 1:24-cv-07573-RPK-LKE

Dear Judge Kovner:

We represent Staten Island University Hospital ("SIUH") and Northwell Health, Inc. ("Northwell") (collectively referred to as "SIUH") in the above-referenced action. We write this letter on behalf of all Defendants requesting that the Court hold Plaintiffs' Motion for Sanctions (ECF Dkt. No. 98) in abeyance pending the Court's decisions on Defendants' Consolidated Motion to Dismiss and Motion for Sanctions (ECF Dkt. Nos. 84 & 85) against Plaintiffs or, in the alternative, revise the current briefing schedule.

By way of relevant background, in accordance with the Court's instructions, the Hospital Defendants (other than Defendant Health & Hospitals) served on Plaintiffs a consolidated Motion to Dismiss and separate consolidated Motion for Sanctions on July 28, 2025. After delay by Plaintiffs, the Court approved a briefing schedule making Plaintiffs' opposition to the motions due on October 10, 2025 and Defendants' replies due on January 16, 2026. The January 16th date was selected due to the need for the multiple, unrelated Defendants to coordinate briefing and the unavailability of the multiple defendants and their representatives over the holiday season.

On October 10, 2025, Plaintiffs filed a Motion for Summary Judgment and Cross-Motion for Sanctions in opposition to Defendants' Motion to Dismiss (ECF Dkt. No. 89). Defendants wrote to the Court, pointing out that Plaintiffs did not comply with the Court's pre-motion conference requirements for filing a Motion for Summary Judgment, Plaintiffs did not serve the required safe-harbor letters with a copy of their motion on Defendants prior to filing the motion for sanctions, Plaintiffs did not file a Notice of Motion for either motion and that Plaintiffs should have a separate briefing schedule. (ECF Dkt. No. 92). In response, the Court issued a text Order on October 22, 2025, ordering the Plaintiffs to comply with the pre-motion conference requirements for their Motion for Summary Judgment and set a briefing schedule for Plaintiffs' Motion for Sanctions, directing Plaintiffs to file their Motion for Sanctions by November 21, 2025, Defendants' response to be filed by December 22, 2025 and Plaintiff's reply by January 21, 2026.

Due to a medical emergency involving a family member, Plaintiffs' counsel[1] filed Plaintiffs' Motion for Sanctions three days late, on November 24, 2025.[2]

In Plaintiffs' counsel's latest example of flouting court rules and other requirements, Plaintiffs filed a Motion for Sanctions against Defendants without first serving the safe harbor letter or a Notice of Motion. Plaintiffs also failed to comply with the Court's bundle-filing rule to file only the cover letter transmitting their motion to Defendants and instead filed their entire memorandum of law. In addition, Plaintiffs incorrectly labeled their motion "Fully Briefed Motion for Order to Show Cause for Rule 11 Sanctions Against All Hospital Defendants"; because it is not "fully briefed" since Defendants were only served with it yesterday and did not serve their opposition yet. Plaintiffs also did not include in their filing a proposed "Order to Show Cause."

Defendants request that the Court hold Plaintiffs' Motion for Sanctions in abeyance pending its decisions on Defendants' Motion to Dismiss and Motion for Sanctions or, in the alternative, revise the briefing schedule for Plaintiffs' Motion for Sanctions for the following reasons.

First, Plaintiffs' Motion for Sanctions should be held in abeyance pending the Court's decisions on Defendants' Motion to Dismiss and Motion for Sanctions. Plaintiffs' Motion for Sanctions should not take precedence over and be briefed prior to Defendants' already-served Motion to Dismiss and Motion for Sanctions.

Second, in their Motion for Sanctions, Plaintiffs argue that the defenses and arguments advanced by Defendants in their Motion for Sanctions are frivolous. However, Plaintiffs made these same arguments in their opposition to Defendants' Motion to Dismiss and Motion for Sanctions. Thus, Plaintiffs are effectively asking the Court to reach the merits of Defendants' arguments in support of dismissal of the complaint and sanctions in deciding Plaintiffs' Motion for Sanctions. Holding Plaintiffs' Motion for Sanctions in abeyance would, thus, preserve judicial resources by avoiding the need for the Court to assess the same arguments for a third time.

Alternatively, if the Court decides not to hold Plaintiffs' sanctions motion in abeyance, we request that the Court amend the briefing schedule for Plaintiffs' Motion for Sanctions. The briefing schedule set by the Court requires Defendants to draft their opposition during the observance of the holidays when clients and their representatives may not be available, which was taken into account when setting the briefing schedule for Defendants' motions. Thus, if the Court does not hold Plaintiffs' Motion for Sanctions in abeyance, Defendants request that their opposition to Plaintiffs' Motion for Sanctions be served **on March 18, 2026** (60 days after Defendants' replies must be served and their Motion to Dismiss and Motion for Sanctions

---

[1] The Defendants would like the Court to take notice that two attorneys have appeared for Plaintiffs in this action, Jo Saint -George, who appears pro hac vice, and Tricia Sophia Lindsay. Ms. Lindsey has not provided any excuses to the Court for the multiple delays caused by Plaintiffs' counsel. Neither counsel have provided excuses to the Court for their multiple failures to comply with Court rules.

[2] Plaintiffs requested and the Court granted their request to file their Motion for Sanctions on November 23, 2025. Plaintiffs made a request, *nunc pro tunc*, to file it on November 24, 2025.

must be bundle-filed) and that Plaintiffs' reply, if any, must be served and their motion bundle-filed on **April 17, 2026**.

We thank Your Honor for your consideration of this request.

Yours truly,

Littler Mendelson, P.C.

*/s/ Lisa M. Griffith*

Lisa M. Griffith

cc: All counsel of record (via ECF)