WOMEN OF COLOR
FOR EQUAL JUSTICE

**VIA ECF**

December 5, 2025

Honorable Rachel P. Kovner
United State District Court
Eastern District of New York
Cadman Plaza East
Brooklyn, New York 11201

Re: **STIP TO STAY PLANTIFFS' RULE 11**
Toussaint et al. v. One Brooklyn Health System, Inc. et al
Docket No: 1:24-cv-07573 – RKP – LKE

Dear Judge Kovner:

In response to this Court's December 2, 2025 Order to respond to Defendants request at ECF #102 to stay the review and litigation of Plaintiff's Rule 11 Motion, Plaintiffs stipulate to the stay. Plaintiffs counsel sincerely respects this Court's rules and in no way intends any disrespect of the Court's responsibility in managing its docket. Any failure has more to do with the recent difficulty of work like balance related to caregiving than any disrespect toward the Court or defendants.

Plaintiffs, however, want to make clear to this Court that Plaintiffs' claim under the OSH Act are by no means frivolous, fraudulent nor baseless to warrant sanctions either. While Plaintiff's claims present a novel and good-faith statutory interpretation of the OSH Act's express language prohibiting compulsory medical treatment and immunization on religious grounds under Sec. 20(a)(5) and Sec. 11(c)(1) and (2), . No court has ever addressed this statutory question since OSHA's enactment in 1970, and courts have consistently held that novel interpretations of existing law are not sanctionable under Rule 11. The Eastern District Court held in *Marino v. Classic Auto Refinishing, Inc***.**, 765 F. Supp. 2d 316, 321 (E.D.N.Y. 2011) that:

> "A legal argument that presents a good-faith argument for the extension or modification of existing law cannot be the basis for Rule 11 sanctions."

Similarly, the Second Circuit held in *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) that:

> "The law is not so sterile that new arguments must be treated as frivolous simply because they are novel. Rule 11 is not intended to chill innovative theories or creative advocacy."

WOMEN OF COLOR
FOR EQUAL JUSTICE



Federal courts consistently reject sanctions where an argument seeks a novel extension or reinterpretation of statutory text. In *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) the Second Circuit held that:

> "Sanctions are not appropriate where a claim is the product of a good-faith argument for the extension, modification, or reversal of existing law."

In *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (Cabranes, J., concurring) further held that:

> "Rule 11 must not be wielded as a bludgeon against creative but reasonable legal argumentation." See also *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) (held that " "Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. Sanctions should not be imposed for novel, but plausible, legal theories.")

Moreover, this District Court in *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 419 (S.D.N.Y. 2003) held that:

> "Even weak or novel claims are not sanctionable when they rest on a colorable interpretation of statutory language."

Here, Plaintiffs' construction of §11(c)(1)–(2) and §20(a)(5) of the OSH Act—that Congress intended district-court jurisdiction over statutory rights not subject to OSHA's administrative process—is firmly grounded in statutory text, over 100 years of Supreme Court precedent and supported by *Whirlpool Corp. v. Marshall*, 445 U.S. 1 (1980), which acknowledged that "**the Act accords to every employee several rights, the exercise of which may not subject him to discharge or discrimination."** ***Id.*** **at 11.**

In summary, Plaintiff stipulates to Defendants requested stay, and humbly requests that the Court deny Defendant's Rule 11 against Plaintiff's.

Respectfully submitted,

/s/ *Jo Saint-George, Esq.*
Jo Saint-George, Esq.

Tricia A. Lindsay, Esq.
*co-counsel for Plaintiffs*