UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

RACHAEL TOUSSAINT, *et al.*,
Plaintiffs,

v.

ONE BROOKLYN HEALTH SYSTEM/BROOKDALE HOSPITAL MEDICAL CENTER, *et al.*,
Defendants.[1]

---------------------------------------------------x

**MEMORANDUM AND ORDER**
1:24-CV-07573 (RPK) (LKE)

RACHEL P. KOVNER, United States District Judge:

Plaintiffs, former hospital employees who had religious objections to being vaccinated against COVID-19, bring this action against their former employers for wrongfully ending their employment for failing to comply with a vaccine mandate. They raise claims under the Occupational Safety and Hazards Act ("OSHA"), 42 U.S.C. § 1983, and state law. For the reasons set forth below, defendants' motions to dismiss are granted.

**BACKGROUND**

The following facts are taken from plaintiffs' third amended complaint ("TAC") and are assumed to be true for purposes of this order.

Plaintiffs are healthcare professionals with religious objections to being vaccinated against COVID-19. TAC at 6–53 ¶¶ 15–328; 71 ¶ 425 (Dkt. #80).[2] Each worked for one of the defendant hospitals during the COVID-19 pandemic. *See ibid.* During that time, the State of New York

---

[1] The Clerk of Court is directed to amend the caption on the Court's docket to conform to the caption on this order.

[2] The TAC is cited with page and paragraph numbers because its paragraph numbering is not entirely sequential. *See, e.g.*, TAC at 72 (jumping from ¶ 429 to ¶ 421); 73 (jumping from ¶ 427 to ¶ 436); 75 (jumping from ¶ 443 to ¶ 428).

required hospitals to "continuously require personnel to be fully vaccinated against COVID-19." 10 N.Y.C.R.R. § 2.61(a)(1), (c) (repealed 2023) ("Section 2.61"). While hospitals were permitted to grant medical exemptions, they were not permitted to grant exemptions based on religious objections. *Ibid.* § 2.61(d).

In 2021, all of the plaintiffs were advised by their employers that they were required to obtain the COVID vaccine. TAC at 71 ¶ 421. All sought exemptions based on their religious beliefs, but their requests were denied, and their employment was subsequently terminated for failing to comply with New York's COVID-19 vaccine mandate for hospital personnel. *See id.* at 71–72 ¶¶ 425–26.

Plaintiffs later filed this lawsuit. The operative complaint asserts a claim for wrongful discharge and discrimination under OSHA; claims under Section 1983 premised on defendants' deprivation of plaintiffs' rights under OSHA, the First Amendment, and the Fourteenth Amendment; and a common-law fraudulent concealment claim. *Id.* at 72–88 ¶¶ 421–44. Plaintiffs seek reinstatement, back pay and benefits, damages, and attorney fees. *Id.* at 90–91.

Defendants have moved to dismiss the TAC with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* New York Health & Hospitals' Mem. of L. in Supp. of Mot. to Dismiss (Dkt. #109-1); Cons. Mem. of L. in Supp. of Mot. to Dismiss (Dkt. #107-3).

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing

*Twombly*, 550 U.S. at 556). This means, for example, that a complaint is properly dismissed when, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

"[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must accept the well-pleaded factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff; however, the court need not "credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

**DISCUSSION**

Plaintiffs bring federal claims asserting (1) wrongful discharge and discrimination under OSHA; (2) that "[d]efendants conspired . . . to deprive [p]laintiffs of their OSHA [r]ights," in violation of Section 1983; and (3) that defendants conspired to violate plaintiffs' free exercise and substantive due process rights in violation of Section 1983. TAC at 72–73 ¶¶ 421–25, 74 ¶ 440; 80 ¶ 443. These claims are materially similar to the claims that plaintiffs' counsel brought on behalf of other plaintiffs challenging New York City's COVID-19 vaccine mandate in *Coombs-Moreno v. City of New York*. Judge Komitee granted defendants' motion to dismiss plaintiffs' OSHA and Section 1983 claims in that lawsuit, *see Coombs-Moreno v. City of New York*, No. 22-CV-2234 (EK) (LB), 2024 WL 4287247 (E.D.N.Y. Sept. 25, 2024), and after the parties' motion-

to-dismiss briefing in this case concluded, the Second Circuit affirmed that decision, *see Ioio v. City of New York*, No. 24-3252, 2026 WL 731089 (2d Cir. Mar. 16, 2026). As elaborated on below, plaintiffs' OSHA and Section 1983 claims here are dismissed for substantially the reasons set forth in *Coombs-Moreno* and *Ioio*. The Court declines to exercise jurisdiction over plaintiffs' remaining state-law claim.

## I. Plaintiffs' OSHA claim is dismissed because OSHA does not create a private right of action.

Plaintiffs assert that they had "a right pursuant to [OSHA] to object to the . . . Covid-19 vaccine on religious grounds," and that they are now "entitled to punitive damages pursuant to" OSHA. *See* TAC 72–73 ¶¶ 422, 425 (citing 29 U.S.C. §§ 660, 669). This claim fails because, as the Second Circuit explained in *Ioio*, "it is settled law that '[u]nder OSHA, employees do not have a private right of action.'" 2026 WL 731089, at *3 (quoting *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983)).[3] Plaintiffs acknowledge as much, observing that there are "approximately 200 cases . . . [that] have held explicitly or implicitly that there is no private right of action under [OSHA]"—before arguing that these cases "should be ignored because [they] are inconsistent with the rules of statutory construction." Pls.' Mem. in Opp. to Cons. Mot. to Dismiss 31 (Dkt. #107-4) ("Pls.' Cons. Opp."). Like the Second Circuit in *Ioio*—which was confronted with an identical concession and argument—I "decline to ignore these cases, and hold consistent with well-established precedent that [plaintiffs] cannot bring claims under OSHA." 2026 WL 731089, at *3.

Plaintiffs' argument in their brief that OSHA preempts New York's vaccine mandate does not change this calculus. *See* Pls.' Cons. Opp. 18–25. Even if OSHA preempted the vaccine

[3] There are two exceptions to this rule, which apply when employees "challenge the period of abatement noted in a citation" or "bring a mandamus action against the Secretary for his failure to enjoin an imminent danger at their workplace." *Donovan*, 713 F.2d at 926–27. Neither applies here.

mandate, plaintiffs would need a private right of action to pursue their claims under OSHA against their employers based on the theory that their employers' action in discharging them violated the statute.

## II. Plaintiffs' Section 1983 claim based on OSHA violations is dismissed because OSHA is not enforceable through Section 1983.

Plaintiffs also cannot seek redress for OSHA violations under Section 1983. Section 1983 "does not provide an avenue for relief every time a state action violates a federal law." *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119 (2005). Rather, to sustain a Section 1983 claim based on a federal statutory violation, plaintiffs need to show that the statute "creates an individually enforceable right in the class of beneficiaries to which [they] belong[]." *Id.* at 120. And if they succeed in doing so, Section 1983 still does not cover the statutory violation if defendants show that Congress did not intend for the statute to create a right, *e.g.*, if the statute "creat[es] a 'comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983.'" *Ibid.* (quoting *Blessing v. Freestone*, 520 U.S. 329, 341 (1997)).

Here, OSHA created a "detailed statutory scheme" and made enforcement of OSHA violations the "sole responsibility of the Secretary [of Labor]." *Donovan*, 713 F.2d at 927. I thus agree with Judge Komitee's conclusion that "[g]iven [OSHA's] detailed scheme—as well as the Second Circuit's directive to read enforcement as reserved to the Secretary—it is clear that allowing OSHA enforcement under Section 1983 would be 'incompatible' with Congress's dictates." *Coombs-Moreno*, 2024 WL 4287247, at *5 (citing *Blessing*, 520 U.S. at 341). Plaintiffs therefore cannot seek relief for any OSHA violations through Section 1983.

## III. Plaintiffs' Section 1983 claims for constitutional violations are dismissed because plaintiffs have not adequately alleged the violation of a constitutional right.

Plaintiffs' remaining Section 1983 claims based on violations of the First and Fourteenth Amendment are also dismissed. Assuming *arguendo* that at least some of defendants' challenged

acts were taken "under color of state law"—the first element of a Section 1983 claim—plaintiffs' constitutional claims fail because plaintiffs have not alleged the second element—"the violation of a right secured by the Constitution and the laws of the United States." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations omitted).

First, plaintiffs' argument that defendants violated the First Amendment's Free Exercise Clause by denying their requests for religious exemptions is foreclosed in this Circuit. A "'neutral law of general applicability' is subject to rational basis review even if it incidentally burdens a particular religious practice." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 280 (2d Cir. 2021) (quoting *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 878–79 (1990)). In *We The Patriots*, healthcare workers subject to New York's vaccine mandate, Section 2.61, moved for a preliminary injunction of the mandate on the grounds that it violated the Free Exercise Clause because it lacked religious exemptions. *Id.* at 272. The Second Circuit ruled against the healthcare workers, concluding that they were not "likely to succeed in showing that Section 2.61 is not neutral or generally applicable," and that the rule "easily meets" rational basis review. *Id.* at 290. Since *We The Patriots*, multiple "district courts have found that [S]ection 2.61 is both neutral and generally applicable, survives rational basis review, and therefore does not violate the Free Exercise Clause." *Hager v. People Inc.*, No. 23-CV-560-LJV, 2025 WL 2938608, at *7 (W.D.N.Y. Oct. 16, 2025) (collecting cases); *see Ioio*, 2026 WL 731089, at *4 (describing *We The Patriots* as "unequivocal, controlling precedent"); *Coombs-Moreno*, 2024 WL 4287247, at *6 (dismissing because the case bore "no material distinction from *We The Patriots* and other cases previously decided in this Circuit"). Plaintiffs' argument that defendants' implementations of Section 2.61 violated the Free Exercise Clause fails under these precedents.

Second, the vaccine mandates also did not violate plaintiffs' substantive due process rights. To state a substantive due process claim, a plaintiff must allege (1) a valid liberty interest and (2) that the defendant infringed upon this interest in an irrational or arbitrary manner that "shocks the conscience." *Murphy v. Hughson*, 82 F.4th 177, 188–89 (2d Cir. 2023). Plaintiffs' substantive due process claim fails at both steps. At the first step, plaintiffs assert that defendants violated their substantive due process rights to "remain in their jobs unvaccinated" and to "choose their own medical treatment." TAC at 2 ¶ 3; 80 ¶ 443. But the Second Circuit has held that "the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." *We The Patriots*, 17 F.4th at 293. Consistent with that holding, courts have dismissed substantive due process claims based on the same rights plaintiffs have posited here. *See Andre-Rodney v. Hochul*, 618 F. Supp. 3d 72, 82 (N.D.N.Y. 2022) (dismissing complaint alleging that Section 2.61 infringed on the right to "refus[e] unwanted medical treatment" because the vaccine mandate did not "force [employees] to consent to vaccination"); *Coombs-Moreno*, 2024 WL 4287247, at *6 (rejecting due process claim based on the right "to decline unwanted medical treatment"). Even if plaintiffs could articulate a fundamental constitutional right, their substantive due process claim would fail at the second step of the analysis. In *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905), the Supreme Court rejected the claim that a "compulsory vaccination law [wa]s unreasonable, arbitrary, and oppressive," *id.* at 26, and the Second Circuit has relied on *Jacobson* to hold that Section 2.61 was a "reasonable exercise of the State's power to enact rules to protect the public health," *We The Patriots*, 17 F.4th at 290. Plaintiffs' substantive due process claim therefore must be dismissed.

## IV. The Court declines to exercise supplemental jurisdiction over plaintiffs' state-law claim.

Having dismissed plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over plaintiffs' claim for fraudulent concealment under New York law. Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.,* 899 F.3d 77, 81 (2d Cir. 2018). Generally, where "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.,* 514 F.3d 240, 250 (2d Cir. 2008)); *see Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013); *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006).

Plaintiffs have not provided a persuasive reason to depart from the usual practice of declining to exercise supplemental jurisdiction once federal claims are dismissed. Accordingly, I decline to exercise supplemental jurisdiction over plaintiffs' state-law claim.

## CONCLUSION

Defendants' motions to dismiss are granted. Plaintiffs' federal-law claims are dismissed with prejudice. Dismissal with prejudice is appropriate where, as here, "further amendment of [the] complaint would be futile." *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003). Plaintiffs, moreover, have not cured the deficiencies in the complaint even after three amendments, and after Judge Komitee dismissed substantially similar claims in *Coombs-Moreno*. This "[r]epeated failure to cure deficiencies by amendments previously allowed" justifies dismissal with prejudice. *Sprague v. Salisbury Bank & Tr. Co.*, 969 F.3d 95, 101 (2d Cir. 2020) (quoting

*Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs' state-law claim is dismissed without prejudice to refiling in state court.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 14, 2026
Brooklyn, New York